UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TREVOR BAUER, | Case No.: 8:22-cv-00868-JVS-ADS |
| PLAINTIFF, | |
| V. | (Pending in the United States District Court for the Central District of California) |
| LINDSAY C. HILL AND NIRANJAN FRED THIAGARAJAH, | |
| DEFENDANTS. | |
| | |
| REGARDING NON-PARTY SUBPOENA TO: LISA JACKSON A/K/A LISA DECKER | Case No.: |

**EMERGENCY MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA AGAINST FRANKLIN, TENNESSEE RESIDENT LISA DECKER AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 45, Trevor Bauer ("Movant"), by counsel, hereby moves for an order compelling Franklin, Tennessee resident Lisa Decker to comply with subpoenas served on her in this District, produce responsive documents no later than July 28, 2023, and appear for a deposition on August 7, 2023.

**INTRODUCTION**

Movant, the plaintiff in a lawsuit pending in the Central District of California styled *Bauer v. Hill* (the "California Action"), moves for an order compelling nonparty Lisa Decker ("Decker") to comply with two Rule 45 subpoenas issued to her through this Court for documents and deposition testimony (individually, the "Decker Document Subpoena" and the "Decker Deposition Subpoena," and collectively, the "Decker Subpoenas"). The Decker Subpoenas are attached as

**Exhibits A and B**. Decker was personally served with the Decker Subpoenas on March 23, 2023, by a licensed process server at her place of residence in Franklin, Tennessee. The process server also tendered to Decker a witness fee of $69.00. The proof of service is attached as **Exhibit C**. Decker did not object to the Decker Subpoenas, nor did she move to quash them, both of which are required by Rule 45 to preserve any objections. Peyser Decl. ¶¶ 3-4. The Defendant in the California Action, Lindsey Hill, did move to quash certain portions of the Decker Document Subpoena, but her motion to quash was denied. In denying Hill's motion to quash, the California judge ordered compliance with the Decker Document Subpoena in its entirety and production of all documents by June 7, 2023. Portions of the hearing transcript reflecting the California judge's ruling are attached as **Exhibit D**. The Court's order was transmitted to Decker. *See* **Exhibit E**. Decker did not produce any documents on June 7 or at any time before or after. Peyser Decl. ¶¶ 13-14. And Decker did not respond to Movant's counsel's correspondence regarding scheduling her deposition at a mutually agreeable date and time. Peyser Decl. ¶¶ 7-8. All of Movant's counsel's communications to Decker have been met with complete silence. Peyser Decl. ¶ 15.

This is all against the backdrop of serious witness tampering on the part of Defendant Hill in the California Action. In that case, Movant has filed a motion to dismiss or for other relief based on evidence that Hill instructed at least one nonparty to ignore a subpoena and lie that he had no documents, and that Hill threatened to reveal personal information about two other nonparties who may have information unfavorable to her. *Bauer v. Hill*, 8:22-cv-00868-JVS-ADS (C.D. Cal), Dkt. No. 119. As Hill and Decker are closely aligned and currently reside together or near each other in Franklin, Movant has serious concerns that Hill has similarly instructed Decker not to comply with her obligations under Rule 45.

At bottom, Decker has ignored valid, properly served subpoenas issued by a federal district court. The Court should compel Decker to produce the subpoenaed documents no later than July 28, 2023, and appear for a deposition on August 7, 2023. Movant further requests that the Court order that any further failure to fully comply with the Decker Subpoenas and this Court's related Orders may result in contempt proceedings under Rule 45, and an award of appropriate sanctions.

## STATEMENT OF FACTS

Movant Bauer is the plaintiff in the California Action alleging claims for defamation and tortious interference with contract against Hill. Movant's claims stem from false sexual assault allegations that Hill made against him following two sexual encounters they had in April and May 2021, both involving consensual rough sex. After these sexual encounters, Hill made a false police report to the Pasadena Police Department. Hill then filed a petition for a Domestic Violence Restraining Order ("DVRO petition") asserting that Movant had assaulted her and that she required protection. A California state court held a four-day long hearing on Hill's DVRO petition (the "DVRO proceeding"). Ultimately, the California state court denied Hill's DVRO petition, ruling that Movant had not assaulted nor abused Hill and that Hill's petition was "materially misleading." Movant then filed the California Action against Hill seeking redress for the harm caused by her false allegations. The Complaint in the California Action is attached as **Exhibit F**. Hill has also alleged counterclaims in the California Action for battery and sexual battery. The Counterclaim Complaint is attached as **Exhibit G**.

The subpoenaed party, Lisa Decker, was one of Hill's confidantes. Decker has knowledge of the two sexual encounters between Movant and Hill, including statements by Hill about the encounters that impeach Hill, and the extent of Hill's alleged injuries, among other things. Indeed, Hill produced some communications between her and Decker during discovery in the prior DVRO proceeding that revealed Decker's knowledge of facts relevant to the California Action. For

example, after Hill's first sexual encounter with Movant, she wrote to Decker about Movant: "Give me 50 million dollars and don't slap my clit and I'd be great." *See* **Exhibit H** (portions of DVRO proceeding transcript) at p. 404. After Hill's second sexual encounter with Movant, Decker wrote to Hill: "Hey bitch. Pretty soon it will be like hey rich bitch," in reference to her desire to seek money from Movant. *Id.* at p. 409. Decker also advised Hill not to post a certain photograph on social media because "you're supposed to be struggling mentally, not posting…I know you want to but it's terrible for your case…you're basically just trying to not kill yourself and stay out of the mental ward"—in essence, instructing Hill to hide the true state of her physical and mental condition so not to impact her pursuit of money from Movant. *Id.* at pp. 409-10.

In the California Action, Hill served Initial Disclosures listing Decker as an individual with relevant knowledge, stating that Decker was "Ms. Hill's friend and AA sponsor" and that the two "[c]ommunicated frequently with Ms. Hill in aftermath of sexual contact with Mr. Bauer and throughout [the] DVRO proceeding." Hill's Initial Disclosures are attached as **Exhibit I**. Indeed, as stated above, Hill has already produced some communications between her and Decker, in both the DVRO proceeding and in the California Action, showing that Hill and Decker did communicate frequently about issues directly related to the California Action.

On March 23, 2023, Movant served the Decker Subpoenas on Decker. Decker was personally served by a licensed process server at her place of residence in Franklin, where she resides with Hill either in the same apartment or same apartment complex. *See* **Exhibit C** (Proof of Service); Peyser Decl. ¶ 2. The process server tendered Decker a witness fee of $69.00. *See* **Exhibit C**. Decker did not object to the Decker Subpoenas within fourteen days after service and has not objected to or moved to quash the Decker Subpoenas to date. Peyser Decl. ¶¶ 3-4.

4

8801284.1

On May 1, 2023, Movant's counsel sent Decker an email correspondence informing her that Movant was postponing her deposition noticed for May 10 and would work with Decker to schedule the deposition at a date and time mutually agreement to Decker, Movant's counsel, and Hill's counsel. *See* **Exhibit J**. Decker did not respond to the email. Peyser Decl. ¶ 8. To date, Movant's counsel has not followed up regarding deposition scheduling because it cannot schedule Decker's deposition until it has received Decker's document production. Peyser Decl. ¶ 9.

On March 28, 2023, Hill (not Decker) served objections to portions of the Decker Document Subpoena relating to information about Hill's substance use history and treatment. On May 1, 2023, Hill filed a motion to quash those portions of the Decker Subpoena. *Bauer v. Hill*, 8:22-cv-00868-JVS-ADS (C.D. Cal), Dkt. No 93. By agreement with Hill's counsel, Movant's counsel informed Decker via email not to produce any documents pursuant to the Decker Document Subpoena until Hill's motion to quash was resolved. The email is attached as **Exhibit K**. On May 24, 2023, Hill's motion to quash was heard by Magistrate Judge Autumn Spaeth in the Central District of California. Judge Spaeth denied Hill's motion from the bench and issued an order commanding production of all documents responsive to the Decker Document Subpoena by June 7, 2023. The ruling and relevant portions of the hearing transcript are attached as **Exhibit D**. The following day, Movant's counsel sent a letter correspondence to Decker via both email and first-class mail advising Decker of the California Court's ruling and of her obligation to produce documents by June 7. Movant's counsel's letter correspondence is attached as **Exhibit E**. Decker did not respond to that correspondence. Peyser Decl. ¶ 12.

On June 7, 2023, Decker did not produce any documents. Peyser Decl. ¶ 13. To date, Decker has not produced any documents, otherwise responded to the Decker Subpoenas, or responded to Movant's counsel whatsoever. Peyser Decl. ¶¶ 14-15.

In the meantime, during the months of April through June 2023, Movant's counsel became aware that Hill has been engaged in serious and repeated witness tampering in the California Action. This has included instructing witnesses not to respond to subpoenas issued by Movant and threatening to reveal highly sensitive information about other witnesses who may have information unfavorable to her. For example, Hill instructed one witness to withhold responsive documents—including a message in which Hill described her first sexual encounter with Movant (which she now claims is a sexual assault) as "SO HOT"—and to lie to Movant's counsel about that witness's possession of responsive documents. *Bauer v. Hill*, 8:22-cv-00868-JVS-ADS (C.D. Cal), Dkt. No. 119-1, at p. 6-11. That witness ultimately produced his messages with Hill, in which Hill directs him to "just respond to [the subpoena] saying I have nothing related to this that I have in my possession." *Id*. She called the subpoena "So stupid moi I cant" and told the witness: "Just know you don't have to do shit for it." *Id*. And, to leave no doubt, she urged the witness to "call me if u get one and I'll tell you what to do." *Id.* Moreover, Hill apparently deleted her exchange with that witness, telling him that she was "also gonna unsend and delete this [message] once u see it," followed by a laughing/crying emoji. *Id*.

Movant's counsel filed a motion to dismiss Hill's counterclaims or for other relief based on Hill's egregious witness tampering. *Bauer v. Hill*, 8:22-cv-00868-JVS-ADS (C.D. Cal), Dkt. No. 119. That motion is currently pending and will be heard on July 31, 2023. Given Hill's proclivity for either threatening witnesses or instructing witnesses not to comply with subpoenas in the California Action, there is a serious and warranted concern that Hill has instructed or threatened Decker—her close confidante and roommate or neighbor—who has information potentially unfavorable to her not to produce documents.

The California Action has a discovery cutoff date of September 1, 2023. Peyser Decl. ¶ 17. Movant's counsel must obtain and review the documents subpoenaed from Decker before that date so that the documents can be used in her deposition. Decker's deposition must also be taken at least five business days before that date. *Id*.

## ARGUMENT

### I. Decker Has Waived Any Objections To The Subpoenas.

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Decker had 14 days from the date the Decker Document Subpoena was served to make appropriate objections to the production of documents sought in the subpoena. Having failed to make any objections to producing the subpoenaed documents, Decker has waived the right to do so. *Hartford Cas. Ins. Co. v. Calcot, Ltd.*, No. 2:07-cv- 02405-BBD-dvk, 2009 WL 10699695, at *3 (W.D. Tenn. Apr. 7, 2009) ("the defendants' failure to timely object to the subpoena duces tecum waives any objection to the subpoena duces tecum, including attorney-client privilege."); *Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. CIV.A. 11- 12394, 2011 WL 6739400, at *2 (E.D. Mich. Dec. 22, 2011) ("A nonparty's failure to timely object to the subpoena generally waives any objections."); *Kerlin v. Howard*, 2020 WL 263011, at *2 (M.D. Pa. Jan. 17, 2020) ("A nonparty's failure to make timely objections to a subpoena generally constitutes waiver of objections to the validity of the subpoena.").

As for the Decker Deposition Subpoena, in order to properly object, a subpoenaed person must file a "timely motion" to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3). Decker also failed to do this. Peyser Decl. ¶¶ 3-4.

Accordingly, the Court should easily find that Decker has waived any objection to the Decker Subpoenas.

**II. The Court Should Compel Decker To Comply With The Decker Subpoenas.**

Courts routinely compel nonparties to comply with Rule 45 subpoenas where the nonparty was properly served with the subpoena; the nonparty did not object to the subpoena; and the nonparty ignored its obligations under the subpoena. Indeed, courts have the power to sanction such conduct under Rule 45. *See Faison v. State Farm Fire & Cas. Co.*, 2015 WL 4274882, at *3 (E.D. Mich. June 18, 2015), *report and recommendation adopted,* 2015 WL 4274887 (E.D. Mich. July 14, 2015) (holding nonparty witness in contempt where witness was properly served with Rule 45 subpoena, did not object, did not move to quash, did not respond to defendant in any matter, and failed to appear for deposition or produce documents)*; see also Weems v. Omni Hotels Mgmt. Corp.*, 2022 WL 989144, at *1 (M.D. Tenn. Mar. 31, 2022) ("the Court has the power under [Rule 45(g)] to impose contempt simply on the basis of failure to comply with a subpoena"); *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001) ("Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash.").

Here, Decker was properly served in person at her place of residence. *See* **Exhibit C** (Proof of Service). Decker did not object to the Decker Subpoenas at any time. Peyser Decl. ¶ 4.[1] Decker did not move to quash the Decker Subpoenas at any time. *Id*. Decker also had notice of the California Court's order overruling Hill's objections to the Decker Document Subpoena, which was emailed and mailed to her via first-class mail. *See* **Exhibit E**. But Decker blatantly ignored that too. Peyser Decl. ¶ 12. She has not complied with the requirements in the Decker Subpoenas, or responded to Movant's counsel's efforts to correspond with her about those subpoenas in any

---

[1] If there is any question about whether the scope of the subpoena is proper, the California Court put that to bed when it denied Hill's motion to quash, ruling that "Hill has not met her burden to demonstrate that a privacy right exists to preclude the production *of what are otherwise relevant documents.*" *See* **Exhibit D** at 31:8-11 (emphasis added).

matter. Peyser Decl. ¶¶ 14-15. *See In re Nelson*, 2020 WL 3422337, at *5 (Bankr. E.D. Mich. June 22, 2020) ("Rule 45 provides a mechanism for a person to object to or quash a subpoena when there is some substantive or procedural defect in the subpoena. But it does not allow a person to just ignore it.").

Moreover, Movant also notes that Decker's disregard for the Decker Subpoenas continues a disturbing pattern of disregard for the judicial system. In the prior California state court DVRO proceeding between Movant and Hill, Decker successfully evaded service despite multiple attempts by Movant. Peyser Decl. ¶ 16. This strongly suggests that Decker is no stranger to playing fast and loose with the legal system.

Under these circumstances, there is surely no excuse for Decker's noncompliance and an order compelling her to produce the documents and appear for her deposition is clearly warranted.

## CONCLUSION

For the reasons set forth above, the Court should enter an order compelling Decker to comply with the Decker Subpoenas issued through this Court. The order should specifically direct Decker to produce the subpoenaed documents by July 28, 2023, and appear for a deposition in Nashville on August 7, 2023.

Dated: July 7, 2023

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ William T. Ramsey
William T. Ramsey, TN BPR # 009245
J. Isaac Sanders, TN BPR # 029372
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713
Facsimile: (615) 726-0573
Email: wtr@nealharwell.com
isanders@nealharwell.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail and via electronic mail to the following:

Shawn Holley
Suann MacIsaac
KINSELLA WEITZMAN SER KUMP HOLLEY LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, CA 90401
sholley@kwikhlaw.com
smacisaac@kwikhlaw.com

Blair G. Brown
Jon R. Fetterolf
ZUCKERMAN SPAEDER LLP
1800 Main Street, N.W., Suite 1000
Washington, D.C. 20036
bbrown@zuckerman.com
jfetterolf@zuckerman.com

Nell Z. Peyser
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
npeyser@zuckerman.com

*Attorneys for Plaintiff Trevor Bauer*

Christopher P. Wesierski
Michelle R. Prescott
Eileen Spadoni
Brett A. Smith
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, CA 92630
cwesierski@wzllp.com
mprescott@wzllp.com
espadoni@wzllp.com
bsmith@wzllp.com

Bryan J. Freedman
Jesse A. Kaplan
FREEDMAN + TAITELMAN LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
bfreedman@ftllp.com
jkaplan@ftllp.com

*Attorneys for Defendant Lindsey Hill*

/s/ William T. Ramsey
William T. Ramsey

8801284.1